UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| BILL SHAWVER, as Administrator of the Estate of Grace Shawver, Deceased, and on Behalf of the Wrongful Death Beneficiaries of Grace Shawver, <br><br> Plaintiff, <br><br> V. <br><br> BRADFORD SQUARE NURSING, LLC, d/b/a BRADFORD SQUARE REHABILITATION & NURSING CENTER and DANA MARSHALL, <br><br> Defendants. | Civil Action No. 3: 08-13-DCR <br><br><br> **MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

This matter is pending for consideration of the Plaintiff's motion to remand [Record No. 19], motion to file an amended complaint [Record No. 18], and amended motion to file an amended complaint. [Record No. 25]  For the reasons discussed below, the Court will grant the Plaintiff's motion to remand and will deny, without prejudice, the motions to amend the Complaint.[1]

### I.    Procedural Background

Plaintiff Bill Shawver filed this action in Franklin Circuit Court on January 22, 2008, on behalf of the Estate of Grace Shawver against several Defendants, including Bradford Square

---

[1]   The Plaintiff may re-file these motions in state court.

-1-

Nursing, LLC, d/b/a as Bradford Square Rehabilitation & Nursing Center and Dana Marshall.[2] The Defendants then removed the action to this Court on March 31, 2008, alleging federal question jurisdiction. Specifically, in the notice of removal, the Defendants asserted that:

> Paragraph 38(e) [of the Complaint] alleges violations of Title XVIII and XIX of the Social Security Act. Paragraph 83 makes allegations regarding the corporate integrity agreement between BEI and Federal government pursuant to Medicare, Medicaid and other federal health programs. At the very least, this lawsuit presents an embedded federal question because Plaintiff's claims under KRS § 216 and the basis for her allegations of negligence are state law claims that implicate significant federal issues.

[Record No. 2; Complaint, ¶ 19]

The Plaintiff filed a motion to remand on April 25, 2008. In support, the Plaintiff states that he has not alleged a cause of action pursuant to any federal law. Specifically, he notes that he has only asserted negligence and other state law claims. In the motion to remand, the Plaintiff also states that he has settled claims against several Defendants since the notice of removal was filed. Notably, the only Defendants remaining in this action are Bradford Square Nursing, LLC, d/b/a as Bradford Square Rehabilitation & Nursing Center, and Dana Marshall.

**II.   Factual Background**

In June 2005, Grace Shawver was admitted to Bradford Square Rehabilitation & Nursing Center ("Bradford Nursing Center"). She was a resident at Bradford Nursing Center until February 2006, at which time she was transferred to the Frankfort Regional Medical Center. On February 28, 2006, Ms. Shawver was discharged from the Frankfort Regional Medical Center

---

[2]   The only remaining Defendants are Bradford Nursing, LLC and Dana Marshall. The other Defendants initially named in this action have settled their claims with the Plaintiff.

and was transferred to Beverly Health and Rehab Center of Frankfort.  She died approximately four months later on July 7, 2006.

Plaintiff Bill Shawver, as administrator of his wife's estate, alleges that Grace Shawver's death was "accelerated" by the deficient care and treatment she received at the Bradford Nursing Center.  Specifically, he asserts that Ms. Shawver suffered weight loss, malnutrition, dehydration, infection, a fall, depression, severe pain, and poor hygiene all of which contributed to her eventual death.  The Plaintiff further alleges that his wife suffered psychological injuries, including loss of personal dignity, pain and suffering, degradation and emotional distress.

Generally, the Complaint alleges claims against Bradford Nursing Center for negligence, medical negligence, violations pursuant to K.R.S. § 216.510, and wrongful death.  In particular, the Plaintiff charges Bradford Nursing Center with failing to: (1) provide the minimum number of qualified personnel to care for Ms. Shawver; (2) develop, implement and follow policies aimed at achieving the highest level of physical, mental and psychological well-being of the residents at Bradford Nursing Center; (3) implement corrective measure regarding inadequate resident care; (4) properly maintain resident records; (5) monitor or increase the number of nursing personnel responsible for caring for Ms. Shawver; (6) provide nursing and other staff that was properly trained and qualified; (7) implement or enforce guidelines, policies and procedures; (8) prevent, eliminate and correct deficiencies in resident care; and (9) provide a safe environment and exercise ordinary care for the safety of Ms. Shawver.  The Plaintiff alleges that these actions support a cause of action for negligence.

The Plaintiff also claims that Bradford Nursing Center committed acts that support a cause of action for medical malpractice. Specifically, he alleges that the Defendant failed to: (1) ensure that Ms. Shawver receive timely and accurate assessments, prescribed treatment, medication and diet, necessary supervision, and timely nursing and medical intervention; (2) provide and implement adequate nursing care; (3) adequately assess and evaluate treatment based on Ms. Shawver's needs; (4) ensure that Ms. Shawver received adequate fluids and nutrition; (5) provide care, treatment and medication pursuant to physician's orders; and (6) monitor, report, and respond to significant changes in Ms. Shawver's condition.

The Plaintiff also charges Bradford Nursing Center with violating several provisions of Kentucky's "Nursing Home Residents' Bill of Rights" as set forth in K.R.S. § 216.510 *et seq.* and has also alleged a cause of action against the nursing center for wrongful death.

Additionally, the Plaintiff has asserted a negligence claim against Dana Marshall, in her official capacity as administrator of Bradford Nursing Center. The allegations against Ms. Marshall relate primarily to her duty to assess, evaluate, supervise, hire, train, and retain nursing personnel. The Plaintiff also claims that Marshall did not maintain an adequate number of qualified personnel or properly assign them to residents based upon relevant factors, such as medical history, condition, rehabilitation need, etc.

**III. Analysis**

"Under 28 U.S.C. § 1447(c), a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). The statute authorizing removal, 28 U.S.C. § 1441, provides

that an action is removable only if it could have been brought initially in federal court. In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

A federal court has original jurisdiction over a federal question when the civil action "arises under" the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987).

Here, the Defendants contend that this action was properly removable on basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. They assert that the Plaintiff's Complaint raises an overt question of federal law. In particular, the Defendants argue that the Court has federal question jurisdiction because the Plaintiff's claims recite language from the federal Medicare and Medicaid regulations and, therefore, will require interpretation of federal law. Further, the Defendant argues that the Plaintiff has "assert[ed] a claim against Defendant Dana Marshall based upon federal law [by] alleging that Marshall failed to comply with federal laws and regulations, resulting in injuries to Plaintiff and/or Plaintiff's decedent." [Record No. 23] As noted by the Defendants, the Plaintiff's complaint references federal Medicare and Medicaid statutes and regulations. Further, the Plaintiff has relied on these statutes and regulations to establish the relevant standard of care with respect to his negligence claims.

Under Kentucky law, a statute or regulation can supply a duty of care in certain circumstances and that violation of that statute or regulation establishes negligence. *See Carman v. Dunaway Timber Co., Inc*., 949 S.W.2d 569, 570 (Ky. 1997). However, an alleged violation of a federal statute or regulation, standing alone, does not necessarily give rise to federal jurisdiction. In *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986), the Supreme Court addressed whether a state law negligence claim could be removed to federal court because it arose under federal law. In that case, the plaintiffs sued a drug company asserting a state law negligence claim, alleging that the drug company was presumptively negligent because it had violated the brandishing requirements of the federal Food, Drug and Cosmetic Act ("FDCA"). Emphasizing that Congress had not created a private remedy in the FDCA for a violation of the federal branding rules, the Court held that "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id*. at 814. Ultimately, the Court concluded that federal jurisdiction was lacking.

In *Lindsey v. Kentucky Medical Investors, Ltd.*, 2005 WL 2281607 (E.D. Ky. Sept. 19, 2005), another court in this district found that it did not have federal question jurisdiction over claims almost identical to those raised by the Plaintiff in this case. There, the defendants argued that the Medicare and Medicaid regulations cited by the plaintiff created a private cause of action against the nursing home and the administrator and, therefore, federal question jurisdiction existed. The court, however, found that the jurisdictional issue did not "turn entirely" upon a

determination of whether 42 C.F.R. 483.75, the regulations relating to Medicare and Medicaid, created a private cause of action against the defendants. *Lindsey*, 2005 WL 2281607, at * 6. Instead, the court noted that "even a cursory review of plaintiff's complaint reveals that his claims against [the defendants] are based solely on a negligence theory." *Lindsey*, 2005 WL 2281607, at *6. The court further found that the plaintiff relied on state statutes and regulations as well as the federal Medicare and Medicaid regulations "to establish the relevant standard of care." *Id*. Therefore, the court held that the Plaintiff's recitation of language from the federal Medicare and Medicaid regulations did not raise a substantial federal question to confer jurisdiction.

Based on these authorities and review of the instant complaint, the Court cannot conclude that the Plaintiff's references to federal law transform this action into one "arising under the . . . laws. . . of the United States." *See e.g., Lindsey v. Kentucky Medical Investors, Ltd.*, 2005 WL 2281607 (E.D. Ky. Sept. 19, 2005). The Defendants, however, argue that even if this case does not present an overt federal question, it involves an "embedded federal question." Specifically, the Defendants focus on the language of 907 KAR 1:645, which provides that:

> K.R.S. § 205.520(3) authorizes the cabinet, by administrative regulation, to comply with any requirement that may be imposed, or opportunity presented, by *federal law* for the provision of medical assistant to Kentucky indigent citizenry.

[Record No. 23, citing 907 KAR 1:645] The Defendants note that pursuant to 907 KAR 1:645, the Cabinet for Families and Children is required to administer Kentucky's Medicaid Program in accordance with federal law. As such, the Defendants argue that because Kentucky's regulations and statutes relating to long-term resident care (*i.e.*, K.R.S. § 216.510 *et seq.*) must

be administered in accordance with federal law, resolution of the Plaintiff's claims will require interpretation of federal law and therefore "implicate significant federal issues." [Record No. 23]

The Defendants attempt to distinguish *Lindsey*, arguing that the *Lindsey* court failed to consider whether an "embedded federal question" conferred jurisdiction on the court. The Defendants also rely on the Supreme Court's decision in *Grable & Sons Metal Products, Inc v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), which was decided after *Lindsey*. *Grable* involved a dispute over property purchased by the defendant from the IRS after the IRS had seized the property to satisfy the plaintiff's federal tax delinquency. The plaintiff filed a quiet title action in state court alleging that the defendant's title to the property was invalid and that the plaintiff had superior title because the IRS failed to give proper notice of the seizure as required by federal statute. Although the complaint did not set forth a federal cause of action, the court concluded that the state law claim presented a question of federal law. In finding federal question jurisdiction, the Court noted that:

> [t]his case warrants federal jurisdiction. Grables' state complaint must specify the facts establishing the superiority of [its] claim, and Grable has premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law. Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in this case. The meaning of the federal tax provision is an important issue of federal law that sensibly belong in a federal court.

*Grable*, 545 U.S. at 314-15 (internal citations omitted). The Court acknowledged that the federal tax code provision at issue did not provide for a private, federal cause of action. However, in attempting to reconcile its decision with its earlier opinion in *Merrell Dow*, the Supreme Court

noted that the dispute in *Grable* centered on the action of a federal agency and thus the federal question was "substantial" and its resolution was dispositive of the case.

Here, the Defendants' reliance on *Grable* is misplaced. Although resolution of the Plaintiff's state law claims may require examination of federal law, the Court cannot conclude that this case involves a federal issue that is substantial and dispositive. While the Plaintiff has referenced federal Medicare and Medicaid statutes and regulations, he has done so simply to establish the relevant standard of care and to allege that the defendants breached that duty of care. Having reviewed the Plaintiff's complaint, the Court disagrees with the Defendants' assertion that the complaint raises overt and/or embedded questions of federal law. Accordingly, the Court finds that, at the time of removal, the complaint did not contain a claim that would give rise to federal jurisdiction.

### IV.   Conclusion

Because the Plaintiff's Complaint does not raise a substantial federal question, it is hereby

**ORDERED** as follows:

1.   The Plaintiff's motion to remand [Record No. 19] is **GRANTED**;

2.   The Plaintiff's motion to amend the complaint [Record No. 18] and amended motion to amend the complaint [Record No. 25] are **DENIED**, without prejudice;

3.   This action is remanded to the Franklin Circuit Court;

4.   The hearing previously scheduled for Tuesday, June 10, 2008, is **CANCELED**.

This 5th day of June, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge